UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ISAAC TYRONE JACKSON,

                Plaintiff,

v.                                            Case No. 17-cv-1629-pp

OFFICER GIESE,

                Defendant.

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 21), GRANTING PLAINTIFF'S MOTION FOR ORDER TO HAVE DEFENDANT SERVED (DKT. NO. 28) AND ORDERING U.S. MARSHALS TO SERVE DEFENDANT CONSISTENT WITH FED. R. CIV. P. 4(e)**

       On November 22, 2017, Isaac Tyrone Jackson, representing himself, filed a complaint under 28 U.S.C. §1983, alleging that the defendant—"a[n] officer from the [Racine County] Sheriff's Office"—violated his civil rights during a "shakedown" at the Dodge Correctional Institution. Dkt. No. 1 at 2-3. Judge Lynn Adelman screened the complaint on February 16, 2018 and allowed the plaintiff to proceed with a claim that the defendant interfered with the plaintiff's ability to practice his religion in violation of the First Amendment. Dkt. No. 9. In that same order, Judge Adelman ordered the U.S. Marshals to serve the complaint on the defendant. Id. at 5.

       On February 26, 2018, the Clerk's office gave the U.S. Marshals a service packet (the complaint, screening order, notice, waiver and consent forms) to serve on the defendant. Dkt. No. 10. About six months later, on August 31, 2018, the U.S. Marshals filed an *unexecuted* Waiver of Service form for the

1

defendant. Dkt. No. 15. According to the notations on the form, the U.S. Marshals mailed the service packet to the Racine County Sheriff's Office on March 26, 2018, and the packet came back "return[ed] to sender" on June 11, 2018, because the defendant wasn't a Racine County Sheriff's employee. Id.

That same day, the Clerk's office provided the U.S. Marshals with another service packet. Dkt. No. 16. Two months after that, on October 24, 2018, the marshals filed a Process Receipt and Return form, indicating that on October 1, 2018, they had served the complaint on Police Officer Pat Caulson at the Mt. Pleasant Police Department. Dkt. No. 18. They marked the box indicating that Caulson was "[a] person of suitable age and discretion then residing in the defendant's usual place of abode." Id.

Some five months later, on March 28, 2019, the defendant's attorneys filed appearances on his behalf, dkt. nos. 19, 20, and filed a motion to dismiss based on the plaintiff's failure to properly serve the complaint, dkt. no. 22. The defendant argued that he never authorized Caulson, or anyone else at the Mt. Pleasant Police Department, to accept service on his behalf. Id. He asserted that the plaintiff did not exercise "reasonable diligence" to serve the defendant personally, as required by the Federal Rules of Civil Procedure before a litigant can use alternate means of service. Id.; see also Fed. R. Civ. P. 4. The defendant also argued that that there is no one named Pat Caulson at the Mt. Pleasant Police Department. Id. There *was* an individual named Chris Paulson at the Mt. Pleasant Police Department, but the defendant told the court that he did not authorize Paulson to accept service on his behalf, either. Id.

The deadline to respond to the defendant's motion to dismiss passed and the plaintiff did not respond, so the court did not know whether the plaintiff wanted to continue with his case. On May 12, 2019, the court issued an order asking the plaintiff whether he opposed the motion to dismiss and, if so, why he hadn't timely responded to the motion to dismiss. Dkt. No. 27. On June 7, 2019, the court received the plaintiff's response asking the court to deem service proper or, in the alternative, to send him a copy of the complaint so he could mail it to the defendant's attorneys. Dkt. No. 28.

Federal Rule of Civil Procedure 4(m) provides that "if a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Judge Adelman ordered service of the complaint on February 16, 2018, so the marshals had until May 17, 2018 to serve the complaint on the defendant. The marshals delivered the complaint to the Mt. Pleasant Police department on October 1, 2018, about four and a half months after the statutory deadline; the defendant is correct that service was untimely.

Rule 4(m) further provides, however, that "if the plaintiff shows good cause for the failure [to serve], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The Seventh Circuit has held that a "prisoner proceeding pro se *in forma pauperis* is not responsible for delays by the Marshals Service in serving a summons and complaint." Keller v. U.S., 444 Fed. App'x 909, 912 (7th Cir. 2011). That court also has held that the

3

marshals' failure to take reasonable efforts to track down an address for the defendants is "good cause" for extending the ninety-day deadline under Rule 4(m). Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995). Given that the plaintiff is representing himself and that it appears that the marshals did not confirm where the defendant worked before they mailed the first service packet to the Racine County Sheriff's Office, and that when they effectuated service at what appears to have been the *right* police department—the Mt. Pleasant Police Department—they left the service packet with an employee other than the defendant, the court finds that the plaintiff has shown good cause for failure to serve the defendant.

The court will deny the defendant's motion to dismiss the complaint for failure to properly serve. The court will extend the deadline for effecting service, and will order the marshals to serve Officer Giese in the manner required by Fed. R. Civ. P. 4(e)—that is, by *either* (a) delivering a copy of the summons and complaint to Officer Giese personally, or (b) by leaving a copy of the summons and complaint at Officer Giese's "dwelling or usual place of abode"—that means his residence, not his job—"with someone of suitable age and discretion who resides there," or (c) delivering a copy of the summons and complaint to an agent authorized by appointment or law to receive service of process. See Fed. R. Civ. P. 4(e). Leaving a copy of the complaint with an officer at Mt. Pleasant Police Department does not comply with Rule 4(e) because the defendant's co-workers are not agents authorized by appointment or by law to receive service of process on behalf of the defendant.

The court **DENIES** the defendant's motion to dismiss. Dkt. No. 21.

The court **GRANTS** the plaintiff's motion for an order permitting plaintiff to have defendant served. Dkt. No. 28.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the complaint and this order on defendant Officer Giese under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** defendant Giese to file a responsive pleading to the complaint.

Dated in Milwaukee, Wisconsin, this 18th day of June, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER
United States District Judge**